UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI VIILO, Personal
Representative for the Estate of
Joshua Joseph Maslowski,

        Plaintiff,                                Hon. Jane M. Beckering

v.                                            Case No. 1:22-cv-962

KENT COUNTY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, the personal representative for the Estate of Joshua Maslowski, has sued numerous Defendants pursuant to 42 U.S.C. § 1983 alleging that they deprived Maslowski of medical treatment in violation of his Fourteenth Amendment rights.[1]

Presently before me is Defendant Lindsey Lucas, R.N.'s Motion to Dismiss Plaintiff's First Amended Complaint against her. (ECF No. 67.) The motion is fully briefed and ready for decision. For the reasons that follow, I recommend that the Court **GRANT** the motion and **dismiss** Plaintiff's claim against Defendant Lucas.

### I. Background

Judge Green previously set forth the pertinent facts in his September 13, 2023 Report and Recommendation:

> On March 4, 2021, Joshua Maslowski was arrested and booked into the Kent County Jail on assault-related charges. At some point during this process, Maslowski "reported a head injury, auditory and visual hallucinations, seeing

---

[1] The Court has previously determined that Plaintiff's claims are governed by the Fourteenth Amendment rather than the Eighth Amendment. (ECF No. 43 at PageID.679–80; ECF No. 49.)

flashing lights, and suffering from chronic headaches." On March 6, 2021, Maslowski "gave written authorization to VitalCore for medical treatment, and disclosed his pharmacies and daily prescription medications, including tramadol, neurontin, abilify, protonix, vistaril, and bactram."

On March 8, 2021, Maslowski experienced "an episode of CP." The following day, Maslowski reported to Unknown VanderMolen that he "thought" he had suffered a concussion. Maslowski reported that his "head was pounding" and he was "seeing flashing lights." Maslowski requested "medical attention" and "psych medication." Lindsey Lucas "was notified. . . but nothing was done."

On March 11, 2021, Maslowski reported to AJ Bernhardt that he "was hit in the head with a pipe before going into jail, complained of bloody stool, bad headaches, and a broken ear drum." Mary MacMillan "was likewise informed by [Maslowski] and asked to stop ibuprofen, start Excedrin migraine medication, and to see a psychiatric doctor." Neither Bernhardt nor MacMillan provided Maslowski with treatment.

On March 20, 2021, Maslowski "complained of headache" to Cheyenne Smith who "disregarded" Maslowski's need for medical treatment. Maslowski's subsequent request to "see medical" was disregarded by BX Calder. Likewise, MacMillan took no action after Maslowski "complained of an ulcer." The following day, Plaintiff informed Smith that he "needed his medication," but Smith "did nothing."

On March 22, 2021, Maslowski's requests to "see medical" were disregarded by J. Spriggel and BX Calder. On March 24, 2021, Maslowski asked an unidentified person for Neurontin, but "nothing was done." On April 4, 2021, Timothy Bishop "could not awaken" Maslowski, but "nothing was done."

On April 14, 2021, Maslowski complained to Unknown Ritz that he was experiencing "constant headaches despite receiving two Tylenol packets that morning." Ritz took no action. That same day, Maslowski complained to Ritz that he was experiencing "severe" eye and head pain which had been "continuous for weeks." Ritz notified Sonya Rawls "who promised to send someone up to see [Maslowski]." Rawls, however, failed to send anyone to assist Plaintiff.

On April 15, 2021, Maslowski reported to Ritz that he was experiencing a "constant headache," but "no medical care was provided." Less than one hour later, Maslowski "was seen throwing up." Ritz "called medical to advise [Sonya Rawls]," but "no medical care was provided." Approximately one hour later, Maslowski "had a seizure during dinner." Maslowski's seizure was witnessed by Ritz, Unknown McNeil, Unknown Fennema, David DeGraff, and "other medical staff." DeGraff, however, "dismissed" the seizure as a possible anxiety attack. Plaintiff was not provided any medical treatment. The following day, Maslowski was discovered "unresponsive in his cell" at which point he was transported to a hospital. Maslowski passed away nine days later.

(ECF No. 43 at PageID.665–67 (footnote omitted).)

## II. Discussion[2]

Plaintiff's Fourteenth Amendment claim for deprivation of medical care has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

Because Plaintiff's claim arises under the Fourteenth Amendment, the subjective component is modified from its Eighth Amendment counterpart. The deliberate indifference test is "something akin to reckless disregard." *Trozzi v. Lake Cnty.*, 29 F.4th 745, 752–53 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)). To establish the subjective component, a plaintiff alleging a Fourteenth Amendment claim "must prove that a defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."

---

[2] Because Judge Green previously set forth the Rule 12(b)(6) standard (ECF No. 43 at PageID.668–69), I find no need to repeat it here.

*Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315–16 (6th Cir. 2023) (internal quotation marks omitted).

In the prior report and recommendation, Judge Green concluded as follows regarding the claims against the individual Defendants: (1) Plaintiff's claim against Defendant MacMillan, a nurse, based on Maslowski's statements to MacMillan on March 11, 2021, should be permitted to proceed, but that Plaintiff's claim against MacMillan based on Maslowski's complaint of an ulcer on March 20, 2021, should be dismissed; (2) Plaintiff's claim against Defendant Rawls, a nurse, based on Maslowski's complaint to Rawls of chronic severe eye and head pain on April 14, 2021 should proceed but that Plaintiff's claim that at some later time Rawls had been informed that Maslowski was "seen throwing up" should be dismissed; and (3) Plaintiff's claim against Defendant DeGraff for failing to obtain treatment or assistance for Maslowski after witnessing him suffer a seizure should proceed.

Lucas contends that Plaintiff fails to sufficiently allege the objective component of her claim because Maslowski's self-diagnosis of a concussion is insufficient to establish a serious medical need and his complaints of head pain and flashing lights were consistent with a migraine, which would not require prompt medical treatment. Lucas contends that Plaintiff's claim is similar to the March 20, 2021 ulcer claim and different from the March 11, 2021 claim against Defendant MacMillan in which Maslowski reported that he had been "hit in the head with a pipe." She further distinguishes the claim against her from the claims against Defendants Rawls and DeGraff that were permitted to proceed because, unlike the claim against Defendant Rawls, Defendant Lucas was not informed that Maslowski was complaining of "chronic and severe" eye and head pain, and unlike the allegation against Defendant DeGraff, she did not witness anything involving Maslowski. Lucas further contends that, in contrast to Plaintiff's

allegations against Defendant Rawls, Plaintiff fails to allege facts indicating that Lucas was aware that Maslowski required immediate treatment.

Plaintiff responds that she has adequately alleged facts supporting both components of her claim. Citing *Pasley v. Caruso*, No. 10-11805, 2014 WL 6473990 (E.D. Mich. Nov. 18, 2014), and *Ruley v. Corrections Corp. of America*, No. CIV. 11-36, 2013 WL 1815039 (E.D. Ky. Apr. 29, 2013), she notes that severe pain itself can constitute a serious medical condition. Plaintiff further contends that her allegation that Lucas was notified of Maslowski's complaints, appreciated their severity, and failed to act satisfy the deliberate indifference prong of her claim. Plaintiff further analogizes her claim against Lucas to her surviving claim against Defendant MacMillan based on Maslowski's request in both instances for medication.

For purposes of the instant motion to dismiss, I will assume that Plaintiff has plausibly alleged a sufficiently serious medical need, even though Maslowski's reported concussion was based on his own self-diagnosis rather than that of a medical provider. *See McKinney v. New Haven Police Dep't*, No. 17-CV-1663, 2017 WL 5137583, at *3 (D. Conn. Nov. 6, 2017) ("Although a mild concussion has been held insufficient to constitute a serious medical need, [the plaintiff's] concussion may have been more serious."); *Haskins v. Sumulong*, No. 13 CV 8392, 2017 WL 1178223, at *6 (N.D. Ill. Mar. 30, 2017) ("A concussion may constitute a serious medical need.") (citing *Harmon v. Jordan*, No. 12-cv-21, 2014 WL 4472693, at *6 (S.D. Ill. Sept. 11, 2014)).

Nonetheless, Plaintiff's claim fails on the subjective component because her allegations are too conclusory to permit a reasonable inference that Lucas acted deliberately and recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine*, 60 F.4th at 315–16 (internal quotation marks omitted). Plaintiff alleges

that Maslowski complained to Deputy VanderMolen, but simply alleges that Lucas "was notified." Plaintiff does allege who conveyed what information to Lucas from which she should have concluded that Maslowski faced an unjustifiably high risk of harm if his medical condition went untreated. Likewise, Plaintiff alleges no fact—only a conclusion—to show that Lucas appreciated the need for treatment but recklessly failed to act. In contrast, Plaintiff's claim against Defendant Rawls based on Maslowski's complaint of chronic and severe eye and head pain was allowed to proceed, in part, because Rawls's alleged promise to send someone to treat Maslowski indicated Rawls's understanding that Maslowski required medical treatment. (ECF No. 43 at PageID.678–79.) Plaintiff makes no similar allegation against Lucas.

### III.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendant Lucas's motion (ECF No. 67) and dismiss her from this action.

Dated: April 12, 2024                                  /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).