UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI VIILO, as Personal
Representative of the Estate of
Joshua Joseph Maslowski, Deceased,

        Case No. 1:22-cv-962

    Plaintiff,

        HON. JANE M. BECKERING

v.

COUNTY OF KENT, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    Plaintiff Lori Viilo ("Plaintiff"), in her capacity as personal representative for the estate of Joshua Joseph Maslowski ("Maslowski"), deceased, initiated this action pursuant to 42 U.S.C. § 1983 against numerous defendants, alleging that they deprived Maslowski of medical treatment in violation of his Fourteenth Amendment rights.  Defendant Lindsey N. Lucas, R.N. ("Lucas") filed a motion to dismiss (ECF No. 67).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 77), recommending that this Court grant the motion and dismiss Plaintiff's claim against Lucas.

    The matter is presently before the Court on Plaintiff's Objection (ECF No. 83) to the Report and Recommendation, to which Lucas filed a response in opposition (ECF No. 87).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the Objection and issues this Opinion and Order.

## I.   BACKGROUND

Pertinent to the filings at bar, Plaintiff alleges that Lucas was deliberately indifferent to Maslowski's serious medical need when Maslowski complained to Defendant Deputy VanderMolen that he thought he had a concussion and reported his symptoms, and "Lucas was notified, appreciated the severity of his medical condition, but nothing was done" (Am. Compl., ECF No. 36 at PageID.481).  Plaintiff's First Amended Complaint contains no other factual allegation with respect to Lucas, except the allegation that Lucas and other Defendants were medical personnel employed by Vitalcore Health Strategies, LLC and/or Kent County, and they had various duties to care for their patients (*id.* at PageID.474–76).

On April 12, 2024, the Magistrate Judge issued her Report and Recommendation (R&R, ECF No. 77).  In recommending that this Court grant Lucas's motion to dismiss Plaintiff's claim against her, the Magistrate Judge determined that Plaintiff's claim "fails on the subjective component" of a deliberate-indifference claim "because her allegations are too conclusory to permit a reasonable inference that Lucas acted deliberately and recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'" (*id.* at PageID.812 (quoting *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315–16 (6th Cir. 2023))).  Specifically, the Magistrate Judge observed that "Plaintiff does [not] allege who conveyed what information to Lucas from which she could have concluded that Maslowski faced an unjustifiably high risk of harm if his medical condition went untreated" (R&R, ECF No. 77 at PageID.813).  The Magistrate Judge further observed that Plaintiff likewise alleges no fact, "only a conclusion," to show that Lucas appreciated the need for treatment but recklessly failed to act, in contrast to her allegations against another Defendant, Defendant Rawls, which indicated that Defendant Rawls understood that Maslowski required medical treatment (*id.*).

2

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

## II. ANALYSIS

Plaintiff asserts one Objection to the Magistrate Judge's Report and Recommendation.[1]

In her Objection, Plaintiff first notes that although the Magistrate Judge assumed the plausible allegations of a sufficiently serious medical need, Plaintiff "feels it necessary to attach" to the Objection "a report of the evidentiary support for Plaintiff's report of [Maslowski's] concussion" (ECF No. 83 at PageID.832). Plaintiff quotes the portion of the Report and Recommendation characterizing Plaintiff's allegations as conclusory and stating that "Plaintiff does allege who conveyed what information to Lucas from which she should have concluded that Maslowski faced an unjustifiably high risk of harm if his medical condition went untreated" (*id.* at PageID.835 (quoting R&R, ECF No. 77 at PageID.813)). Plaintiff then argues that it "is true that Plaintiff alleged" who conveyed what information to Lucas from which she should have concluded that Maslowski faced an unjustifiably high risk of harm if his condition went untreated (ECF No. 83 at PageID.835). Plaintiff argues that she "specifically plead [*sic*] the fact that Lucas 'was notified' of the specific information conveyed to her by Vandemermolen [*sic*]," that

---

[1] Although Plaintiff does not delineate specific objections within her filing, the Court discerns that Plaintiff's statements and arguments in her Objection all revolve around a primary contention that, contrary to the Magistrate Judge's determination, Plaintiff alleged sufficient factual matter to state a claim against Lucas on which relief may be granted.

3

Maslowski "'complained that he thought he had a concussion, requested medical attention, wanted psych medication, reported that his head was pounding, and that he was seeing flashing lights when there were none'" (*id.* at PageID.836 (quoting ECF No. 36 at PageID.481)).

Plaintiff compares her allegations against Lucas to allegations that were found to be sufficient to state a claim against a different Defendant, Defendant MacMillan, and implies that her allegations against Lucas should likewise survive a motion to dismiss (ECF No. 83 at PageID.836–37). Plaintiff "maintains that the first amended complaint contains sufficient particularized factual allegations, drawn from actual record evidence, to plausibly establish that the Defendant Lucas had *actual* knowledge that Plaintiff was suffering from a serious medical need and recklessly failed to provide any medical attention, although actual knowledge isn't even required" (*id.* at PageID.839 (emphasis in original)). Finally, Plaintiff asks: "[i]f the Court already determined . . . that a reported concussion constitutes a serious medical need, how can the Court also conclude that knowledge of the need combined with a failure to act doesn't satisfy" the pleading standard? (*id.* at PageID.840).

Lucas argues in response that Plaintiff's quotation and emphasis of the sentence in the Report and Recommendation indicating that "Plaintiff does allege who conveyed what information to Lucas from which she should have concluded that Maslowski faced an unjustifiably high risk of harm if his medical condition went untreated" is erroneous, as the sentence likely contains a typographical error, and it should read that Plaintiff "does not allege" who conveyed what information to Lucas (ECF No. 87 at PageID.911). Lucas further argues that Plaintiff's allegations against her differ from the allegations against Defendants MacMillan and Rawls, and that Plaintiff's "bare-bones two sentence allegation" as to Lucas does not sufficiently plead that Lucas

4

either actually knew or should have known of an unjustifiably high risk of harm (*id.* at PageID.912, 914).

Plaintiff's Objection lacks merit.

The only fact contained within Plaintiff's First Amended Complaint as to Lucas's conduct with respect to Maslowski is that "[o]n March 9, 2021, Plaintiff's decedent complained to Deputy VanderMolen that he thought he has a concussion, requested medical attention, wanted psych medication, reported that his head was pounding, and that he was seeing flashing lights when there were none.  Lindsey N. Lucas was notified, appreciated the severity of his medical condition, but nothing was done" (Am. Compl., ECF No. 36 at PageID.481).  The Magistrate Judge did not overlook the fact that Plaintiff complained to VanderMolen.  Rather, the Magistrate Judge concluded that Plaintiff alleged no fact that would give rise to a reasonable inference that Lucas acted deliberately and recklessly so as to satisfy the subjective-component of a deliberate-indifference claim (R&R, ECF No. 77 at PageID.812).  Plaintiff's arguments that her allegations as to Lucas survive Lucas's motion to dismiss are largely conclusory.  The Magistrate Judge correctly determined that the First Amended Complaint—that merely alleges that Lucas "appreciated" the severity of Maslowski's condition and "was notified" without any facts as to how Lucas was notified or of what Lucas was notified—does not contain sufficient factual matter that, if true, would give rise to an inference that Lucas appreciated Maslowski's need for treatment but recklessly disregarded that need (*see* Am. Compl., ECF No. 36 at PageID.481).

In context, it is clear that the omission of the word "not" after the word "does" is a typographical error in the line in the Report and Recommendation, "Plaintiff does allege who conveyed what information to Lucas from which she should have concluded that Maslowski faced an unjustifiably high risk of harm if his medical condition went untreated" (R&R, ECF No. 77 at

5

PageID.813).  Plaintiff cannot properly rely on this statement from the Report and Recommendation, to which she objects, because the First Amended Complaint contains no allegation that VanderMolen or anyone else conveyed information about Maslowski to Lucas. Plaintiff only alleges that Lucas "was notified," and the medical records attached to Plaintiff's Objection do not alter the sparse and conclusory nature of the allegations as to Lucas.

Plaintiff's comparison of her allegations against Lucas with her allegations against Defendant MacMillan does not demonstrate any error in the Magistrate Judge's determination that the allegations against Lucas insufficiently plead the subjective component of a deliberate-indifference claim.  The Magistrate Judge recommended that the allegations against Defendant MacMillan should proceed where Plaintiff alleged that Maslowski personally informed Defendant MacMillan that he had previously been hit in the head with a pipe, was experiencing bloody stool, bad headaches, and a broken eardrum, and requested migraine medication and a visit with a psychiatrist (ECF No. 43 at PageID.666, 675–78).  In contrast, there are no factual allegations that Maslowski or any other individual informed Lucas of any serious medical need.  To the extent that the pleadings may suggest that VanderMolen reported something to Lucas regarding Maslowski's condition, there are no facts in the First Amended Complaint that would indicate what VanderMolen reported and what Lucas knew or should have known.

In sum, the First Amended Complaint provides no indication of how Lucas violated Maslowski's constitutional rights, and Plaintiff's Objection does not demonstrate any error in the Magistrate Judge's examination of the First Amended Complaint or application of the deliberate-indifference standard.  Because Plaintiff's mere disagreement with the Magistrate Judge's analysis and conclusion does not serve to demonstrate any error, Plaintiff's Objection is properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 83) is DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 77) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Lindsey N. Lucas's motion to dismiss (ECF No. 67) is GRANTED.  Defendant Lindsey N. Lucas is TERMINATED from this case.


Dated:  June 6, 2024                                                        /s/ Jane M. Beckering
                                                                                        JANE M. BECKERING
                                                                                        United States District Judge