UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI VIILO, as Personal Representative of
the Estate of Joshua Joseph Maslowski,
Deceased,

    Plaintiff,

v.

COUNTY OF KENT, et al.,

    Defendants.
_____/

Case No. 1:22-cv-962

HON. JANE M. BECKERING

## OPINION AND ORDER

### BACKGROUND

This is a case arising out of the death of Joshua Joseph Maslowski due to an anaplastic oligodendroglioma, which is a type of brain tumor, while he was housed at the Kent County Correctional Facility (KCCF) as a pretrial detainee in 2021. Plaintiff, the personal representative of Maslowski's estate, brings this action under 42 U.S.C. § 1983.[1] At this juncture, Defendants are Kent County and Sheriff Michelle Lajoye-Young ("County Defendants"); former Deputies VanderMolen and Ritz and Deputies McNeil, Fennema, Bernhardt, Calder, and Spriggel ("the Deputy Defendants"); and David DeGraff, R.N., Sue MacMillan, R.N., and Sonya Rawls, R.N. ("the Medical Defendants"). Finally, one remaining Defendant is identified "Unknown Party #3."

Pending before the Court are: (1) the Medical Defendants' Motion for Summary Judgment (ECF No. 105); (2) the Deputy Defendants' Motion for Summary Judgment (ECF No. 106); (3)

---

[1] Plaintiff brought state-law claims as well, which she voluntarily dismissed (ECF No. 120 at PageID.1965).

the County Defendants' Motion for Summary Judgment (ECF No. 109); and (4) the Deputy Defendants and County Defendants' Motion for Partial Summary Judgment on Earning-Capacity Damages (ECF No. 112). Plaintiff filed a response to the Medical Defendants' motion for summary judgment (ECF No. 121); to the Deputy Defendants' Motion for Summary Judgment (ECF No. 120); and to the Deputy Defendants' and County Defendants' Motion for Partial Summary Judgment on Earning-Capacity Damages (ECF No. 119). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending the Court grant Defendants' motions for summary judgment as to liability, deny the remaining motion as moot, and dismiss this case with prejudice (R&R, ECF No. 141 at PageID.3134).[2] This matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 144). The Court denies the objections and issues this Opinion and Order.

## LEGAL STANDARD

A district court judge reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious" is insufficient to permit review of the magistrate judge's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Furthermore, "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.,* 2013 WL

---

[2] The Magistrate Judge concluded that Plaintiff's claim against Unknown Party #3 should be dismissed without prejudice (ECF No. 141 at PageID.3134). Plaintiff does not object to this conclusion.

1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)).

## ANALYSIS

***Plaintiff's First Objection (labeled II.A)***.  Plaintiff argues that "[t]he R&R erroneously relies on pre-*Brawner [v. Scott County* 14 F.4th 585, 596–97 (6th Cir. 2021)] precedent requiring actual knowledge of a substantial risk, ignoring that Plaintiff need only show that Defendants 'acted recklessly in the face of an unjustifiable high risk of harm that was either known or so obvious that it should have been known'" (ECF No. 144 at PageID.3141–3142, quoting *Brawner, supra*).  The Magistrate Judge explicitly cited both *Brawner* and the subsequent case *Helphenstine v. Lewis County*, 60 F.4th 305, 315–16 (6th Cir. 2023) for the governing legal standard on the subjective component of Plaintiff's constitutional claim.  The Magistrate Judge concluded that Plaintiff has not presented evidence that the Deputy Defendants or Medical Defendants acted with the requisite state of mind set forth in that precedent (R&R, ECF No. 141 at PageID.3127, 3131, 3132).  Plaintiff does not specifically identify any conduct (or lack thereof) by any Defendant that renders the Magistrate Judge's conclusion incorrect.  Accordingly, this objection lacks merit.

***Plaintiff's Second and Seventh Objections (labeled II.B and VII)***.  Plaintiff's second objection is that "Maslowski's serious medical needs were obvious and ignored" (ECF No. 144 at PageID.3142).  Relatedly, Plaintiff's seventh objection is that "where the medical need is obvious, such as a loss of consciousness or severe pain, the requirement to submit verifying medical evidence is excused" (*id.* at PageID.3146, citing, as an example, *Genn v. McClellan*, 749 F.Supp.3d 796 (E.D. Mich. 2024)).  The Magistrate Judge, however, described the ways in which Plaintiff's medical needs were attended to—i.e., neither ignored nor treated in a manner that was so "cursory as to amount to no treatment at all," *Glenn,* 749 F.Supp.3d at 805—and Plaintiff's sole response

3

is that Maslowski was not evaluated by a medical doctor (ECF No. 144 at PageID.3142). The Magistrate Judge correctly concluded that, under these circumstances, Plaintiff's claim requires Plaintiff to point to verifying medical evidence (R&R, ECF No. 141 at PageID.3124); *see Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (a plaintiff alleging failure to adequately treat medical conditions must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment"); *Johnson v. Austin*, No. 23-2080, 2024 WL 5112912, at *2 (6th Cir. Sept. 17, 2024) (nothing that, to prove inadequate treatment, "the plaintiff must produce medical evidence demonstrating that the medical care that he received was 'grossly inadequate'" (citing *Phillips v. Tangilag.*, 14 F.4th 524, 535 (6th Cir. 2021)). In this case, however, "the only admissible evidence in the record establishes that Maslowski's death resulted from the confirmed and untreated AO. … Plaintiff has presented no expert testimony to establish that Maslowski received 'grossly inadequate' care'" (R&R, ECF No. 141 at PageID.3124).

Independently, it is troubling that Plaintiff continues to point to a conclusion in a prior report and recommendation at the 12(b)(6) stage to support the argument, at this juncture, that Maslowski suffered an objectively "serious medical emergency" (ECF No. 144 at PageID.3147). This is the same way Plaintiff attempted to demonstrate a question of fact as to Maslowski's serious, obvious medical needs in her response to the Deputy Defendants' motion for summary judgment (ECF No. 120 at PageID.1956–1957).[3] The Magistrate Judge rejected that argument, correctly explaining that the Court's "rulings at the motion-to-dismiss stage are not germane to motions presented at the summary judgment stage following discovery" (ECF No. 141 at PageID.3124).

---

[3] And in response to the Medical Defendants' motion for summary judgment, Plaintiff asserted in conclusory fashion that "Maslowski … clearly demonstrated a serious medical need, through the widely reported and varied symptomology" (ECF No. 121 at PageID.1978).

4

Moreover, to the extent Plaintiff now attempts to raise a "comfort care" or "palliative care" claim—which Plaintiff did not plead in the First Amended Complaint and did not mention in response to Defendants' motions for summary judgment—an objection is not a proper vehicle to do so. *See* W.D. Mich. LCivR 72.3(b) (explaining the format of a proper objection). Nor does Plaintiff attempt to articulate how the conduct of any Defendants would give rise to such a claim.

***Plaintiff's Third Objection (labeled III.A)***. Plaintiff's third objection is that "final" copies of *Daubert* motions, which she has not yet "finalize[d]" but wishes to "submit" to the Court for consideration, have not been "abandoned" and are "preserved" (ECF No. 144 at PageID.3143–3144). Plaintiff's motions to preclude expert testimony are not addressed by the R&R, as those are non-dispositive, pre-trial motions (ECF Nos. 122 & 123). They were denied in a separate Order (ECF No. 13), which Plaintiff did not appeal. W.D. Mich. LCivR 72.3(a). To the extent that Plaintiff had other arguments she wished to make about defense witnesses that she did not make in her motions to strike (which she did not withdraw), or her in her response to Defendants' motion that she be ordered to pay the experts' invoices (ECF No. 138), or at any other time in the subsequent months before the Magistrate Judge ruled, she does not even make them now. Plaintiff's arguments about the defense expert witness, *infra*, merely re-hash her motions to strike, and she does not attach any proposed motions. Accordingly, this objection lacks merit.

***Plaintiff's Fourth Objection (labeled III.B and IV).*** Plaintiff objects to the Magistrate Judge's conclusion that she abandoned her *Monell* claims (ECF No. 144 at PageID.3144) and she argues that genuine issues of material fact exist as to these claims (*id.* at PageID.3144–3145). Plaintiff argues that she did address these claims in her briefs, but a review of those filings (ECF Nos. 120 & 121) reveals that neither even cites *Monell*. In any event, to the extent that Plaintiff now attempts to meet her burden under Rule 56 of the Federal Rules of Civil Procedure with regard

5

to her claims against the County Defendants, she fails to do so, as her three-sentence argument is entirely devoid of citations to the factual record. Accordingly, this objection lacks merit.

***Plaintiff's Fifth and Sixth Objections (labeled V.A and VI.A).***  Plaintiff objects that a defense witness's opinions are methodologically flawed and cannot support summary judgment (*id.* at PageID.3145). This same argument appeared in Plaintiff's motion to strike the witness's testimony (ECF No. 123). Similarly, Plaintiff objects that another defense witness's opinions regarding earning capacity lack individualized foundation (ECF No. 144 at PageID.3146). Again, Plaintiff is merely referencing arguments made in her motion to strike the witness's testimony (ECF No. 122 at PageID.1993, arguing the witness did not perform "independent analyses"). The Magistrate Judge entered an Order denying those non-dispositive motions (ECF No. 139), which Plaintiff did not appeal. Plaintiff also does not articulate any way in which striking these witnesses' testimony would have led the Magistrate Judge to a different conclusion in the Report and Recommendation. Accordingly, this objection lacks merit.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 144) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 141) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Medical Defendants' Motion for Summary Judgment (ECF No. 105) is GRANTED.

**IT IS FURTHER ORDERED** that the Deputy Defendants' Motion for Summary Judgment (ECF No. 106) is GRANTED.

**IT IS FURTHER ORDERED** that the County Defendants' Motion for Summary Judgment (ECF No. 109) is GRANTED.

**IT IS FURTHER ORDERED** that the Deputy Defendants and County Defendants' Motion for Partial Summary Judgment on Earning-Capacity Damages (ECF No. 112) is DISMISSED AS MOOT.

Dated: August 12, 2025         /s/ Jane M. Beckering
                               JANE M. BECKERING
                               United States District Judge